IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN REFUGIO SANCHEZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-F-05-346 OWW (No. CR-F-03-5165 OWW) MEMORANDUM DECISION AND ORDER DENYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, DENYING PETITIONER'S MOTIONS TO AMEND, DIRECTING FEDERAL DEFENDER TO APPOINT COUNSEL TO REPRESENT PETITIONER, AND DIRECTING UNITED STATES TO FILE RESPONSIVE PLEADING (Docs. 402, 459, 461) |
| Petitioner, | | |
| vs. | | |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

On March 11, 2005, Petitioner Juan Refugio Sanchez timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty before Judge Oliver W. Wanger pursuant to a written Plea Agreement to Count Four of the Superseding Indictment charging him with distributing 5 grams or

1

more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Pursuant to the Plea Agreement, Petitioner agreed in pertinent part:

> 2. <u>Agreements by the Defendant</u>.
>
> ...
>
> (i) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided [in] Title 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

The Plea Agreement provided

> 4. <u>Nature, Elements, Possible Defenses, and Factual Basis</u>
>
> (a) The defendant has read the charges contained in the Superseding Indictment in this case and those charges have been fully explained to him by his attorney.
>
> (b) The defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with his attorney.  To convict the defendant, the government would [have] to prove the following elements beyond a reasonable doubt:

>     First, that the defendant knowingly
>     delivered methamphetamine to
>     another individual; and
>
>     Second, the defendant knew that the
>     substance was methamphetamine.
>
>     In addition, the government would
>     have to establish beyond a
>     reasonable doubt the quantity
>     involved in her [sic] offense, that
>     is that he distributed 5 grams or
>     more of methamphetamine.
>
>     (c)   The defendant will plead guilty because
>     he is in fact guilty of the crime set forth
>     in count three [sic] of the Superseding
>     Indictments.  The defendant also agrees that
>     the following are the facts of this case,
>     although he acknowledges that, as to other
>     facts, the parties may disagree:
>
>     On or about January 13, 1999, in
>     the County of Tulare, State and
>     Eastern District of California, the
>     defendant did knowingly and
>     intentionally aid and abet Juanita
>     Torres to sell approximately 217.6
>     grams of a mixture containing 32.6
>     grams of actual methamphetamine to
>     an undercover agent.
>
>     Specifically, the [sic] Juanita
>     Torres negotiated with an
>     undercover agent to sell
>     approximately 1/2 pound of
>     methamphetamine in exchange for
>     $2,300.  Juanita Torres traveled to
>     the defendant's residence where the
>     defendant delivered the drugs to
>     Torres on behalf of the individual
>     selling the drugs.  The defendant
>     knew that he was distributing
>     methamphetamine, a controlled
>     substance.

Petitioner was sentenced by Judge Anthony Ishii on March 8, 2004 to 110 months incarceration and 48 months supervised

1 release.[1]  Petitioner did not file a Notice of Appeal.

2 Petitioner asserts that he was denied the effective
3 assistance of counsel.

4 Claims asserting the ineffective assistance of counsel are
5 analyzed under the two-prong test announced in *Strickland v.*
6 *Washington*, 466 U.S. 668 (1984).  As explained in *United States*
7 *v. Quintero-Barraza*, 78 F.2d 1344, 1348 (9th Cir. 1995), *cert.*
8 *denied*, 519 U.S. 848 (1996):

> According to *Strickland*, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....
>
> If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....'

---

[1] **Petitioner also pleaded guilty in Case No. CR-F-03-5078 AWI and was sentenced to 60 months incarceration, to run concurrently with the sentence imposed in No. CR-F-03-5165.**

Where a petitioner enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends upon whether the petitioner received effective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

   1.   <u>Ground One</u>.  Petitioner asserts that he was denied the effective assistance of counsel because "counsel failed to file a Notice of Appeal nor obtain a waiver from the defendant in violation of his right to appeal." Petitioner contends that, immediately after sentencing, he advised his attorney, Philip Cherney, to file a Notice of Appeal. Petitioner asserts:

> [H]e stated that I had no appealable rights because I had signed them away. I advised him that I did not sing [sic] away ineffective assistance of counsel, nor a sentence above the statutory maximum, former counsel still insisted I was wrong. Former counsel also never obtained a waiver from me waiving my right to appeal.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court addressed the showings required for a claim of ineffective assistance of counsel because of counsel's failure to file a notice of appeal. The Supreme Court noted that it has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477.

5

An evidentiary hearing will be required to determine whether counsel failed to file a Notice of Appeal after being requested to do so by Petitioner.  The Federal Defender will be ordered to appoint counsel to represent Petitioner in this evidentiary hearing.[2]

**2.  Ground Two**: Petitioner contends that the sentence imposed "was above the statutory maximum in violation of my Sixth Amendment right to a jury trial."  Petitioner asserts:

> I plead guilty to count four of the indictment [sic], Count four should have been taken into consideration as the statutory maximum and I should have been sentenced accordingly, however, former counsel advised me that I did not have any right to a jury trial and that the judge could sentence me to any sentence that he deemed appropriate under the preponderance of the evidence standard.

Petitioner's contention is without merit.  In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  The crime to which Petitioner pleaded guilty imposed a mandatory minimum term of 5 years imprisonment and a maximum term of 40 years imprisonment with a maximum 4 year term of supervised release.  Petitioner was

---

[2] Petitioner also contends that counsel was constitutionally ineffective because "Former counsel also never obtained a waiver from me waiving my right to appeal." Petitioner's contention is obscure inasmuch as Petitioner specifically waived his right to appeal in the Plea Agreement and during the change of plea colloquy.

6

sentenced to 110 months imprisonment and a four year term of supervised release.

   3.   Ground Three.  Petitioner contends that counsel was ineffective because he "erroneously lead [sic] me into a plea agreement by advising me that I did not have a right to a jury trial on the amounts of drugs in violation of due process." Petitioner asserts:

> Former counsel advised me that I did not have the right to a jury trial on the amounts of drugs attributed to me.  Former counsel advised me that the court could make all of the decisions regarding the amounts of drugs attributed to me based on the preponderance of the evidence standard, and therefore was ineffective in leading me into a plea agreement.

   Petitioner's claim of ineffective assistance of counsel is without merit.  The Plea Agreement specifically advised Petitioner that the United States had to prove beyond a reasonable doubt the quantity of methamphetamine involved in the offense if the case had been tried to a jury.  Petitioner admitted under oath during the change of plea colloquy that he had read and understood the Plea Agreement and discussed it with counsel prior to the change of plea.  The Court reviewed with Petitioner every aspect of the Plea Agreement, including the elements of the offense and the maximum punishment allowed by law, and the various statutory and constitutional rights relinquished by pleading guilty.  Petitioner admitted under oath during the change of plea colloquy to the amount of methamphetamine involved in the crime.

**4.   Ground Four**.  Petitioner contends that counsel was ineffective by failing "to raise the fact that this Court should have considered the directives of 18 U.S.C. § 3553(a) in violation of my due process rights."  Petitioner asserts:

> I advised former counsel of many different circumstances that would have warranted a downward departure.  Former counsel advised me that these directives under § 3553(a) did not apply to me and therefore, he could not raise any of my circumstances.  This mis-advise [sic] lead [sic] me into entering a plea agreement that I would have otherwise not entered into.

Petitioner sets forth no specific facts of which he advised counsel that would warrant a downward departure under the Sentencing Guidelines.  Congress allows district courts to depart from the applicable guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.  *Koon v. United States*, 518 U.S. 81, 92 (1996).  "If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure.  If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account.  If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where

the factor is present.  *Id.* at 95-96.  When a factor is unmentioned in the Guidelines, the sentencing court must "decide whether it is sufficient to take the case out of the Guideline's heartland," keeping in mind that the Sentencing Commission expected that "departures based on grounds not mentioned in the Guidelines will be 'highly infrequent.'" *Id.* at 96.  Petitioner was sentenced at the bottom of the applicable guideline range, as recommended by the United States pursuant to the Plea Agreement. Petitioner's conclusory assertion does not suffice to establish ineffective assistance of counsel.

On November 23, 2005, Petitioner filed a "Motion to Amend the Original Habeas Corpus 28 U.S.C. § 2255" to obtain leave to add as Ground Five, "Enhancement of Sentence Due to an Erroneous Misinterpretation of State Conviction."  Petitioner contends that two of his misdemeanor driving while his license was suspended or revoked (Items 60 and 62 in the PSR) should not have been counted in his criminal history score because he was not represented by counsel when he pleaded guilty to those offenses.

Leave to amend is denied as futile.  An uncounseled misdemeanor conviction may be included for purposes of establishing a defendant's criminal history score when the record indicates that the defendant waived the right of representation. *See United States v. Allen*, 153 F.3d 1037, 1049-1041 (9th Cir.1998).  The documents submitted by Petitioner in connection with his conviction in Case No. 81813 (Item 60 in the PSR) establish that Petitioner waived his right to counsel by

1 initialing the box on the court form waiving his right to counsel
2 and signing the court form.  Petitioner provides no documentation
3 in support of his contention that his conviction in Case No.
4 82647 (Item 62 in the PSR) was uncounseled or that Petitioner did
5 not waive his right to counsel.  Petitioner has the burden of
6 proving that he was not represented by counsel and that he did
7 not waive his right to counsel.  Petitioner has not carried his
8 burden.

9     On March 24, 2006, Petitioner filed a "Motion to Amend the
10 Original Habeas Corpus to Add Ground Six", which asserts
11 "Enhancement of Sentence is Invalid Due to Vacatur [sic] of the
12 California Conviction."  Petitioner contends that his conviction
13 of misdemeanor driving under the influence of alcohol drugs, Case
14 No. MM029031A (Item 57 in the PSR) was vacated by the Kern County
15 Superior Court on December 29, 2005.

16     Leave to amend is denied as futile.  Documentation submitted
17 with Petitioner's motion establishes that this conviction was
18 expunged pursuant to California Penal Code § 1203.4.  In *United*
19 *States v. Hayden*, 255 F.3d 768 (9th Cir.), *cert. denied*, 534 U.S.
20 969 (2001), the Ninth Circuit held that "an order pursuant to
21 section 1203.4 does not render the dismissed conviction a legal
22 nullity." *Id.* 773.  "A section 1203.4 order does not 'erase' or
23 'expunge' a prior conviction, and a conviction set aside pursuant
24 to this statute fall under § 4A1.2's general rules governing
25 federal courts' use of prior convictions and not under §
26

4A1.2(j)'s exception for 'expunged' convictions." *Id.* at 772.[3]

## CONCLUSION

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED on all claims except his claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner;

2. Petitioner's "Motion to Amend the Original Habeas Corpus 28 U.S.C. § 2255" filed on November 23, 2005 and Petitioner's "Motion to Amend the Original Habeas Corpus to Add Ground Six" filed on March 24, 2006 are DENIED as futile;

3. The Federal Defender is ordered to appoint counsel to represent Petitioner in connection with his claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner;

4. The United States is ordered to file a responsive pleading within 30 days of the filing date of this Memorandum Decision and Order to Petitioner's claim of ineffective assistance of counsel because of counsel's alleged failure to file a Notice of Appeal after requested to do so by Petitioner.

///

---

[3] On January 8, 2007, Petitioner filed a Section 2255 motion asserting this same ground for relief. This Section 2255 motion was assigned Case No. CV-F-07-039 OWW. Because of the ruling made in this Memorandum Decision and Order, this action will be dismissed by separate order.

IT IS SO ORDERED.

**Dated:   June 2, 2008**                             **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE